UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH GEORGE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1649-RLY-TAB |
| | ) | |
| SKY BANK, | ) | |
| formerly known as Union Federal Bank | ) | |
| | | |
| Defendant. | | |

**ENTRY ON DEFENDANT SKY BANK'S MOTION TO SET ASIDE
DEFAULT ENTRY AND MOTION FOR LEAVE TO FILE ANSWER**

This matter is now before the court on Defendant Sky Bank's ("Sky Bank") motion to set aside a default entry pursuant to Federal Rule of Civil Procedure 55(c), and request for leave to file an answer to Plaintiff's Complaint. For the reasons set forth below, the court **GRANTS** Sky Bank's motion.

**I.      Background**

On November 16, 2006, Plaintiff Kenneth George filed suit against Sky Bank in this court. In the Complaint, Plaintiff alleges that Sky Bank treated him less favorably due to his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. (Complaint ¶ 11-14). Plaintiff also alleges that his termination violated 42 U.S.C. §1981. (Complaint ¶ 21).

On January 25, 2007, Plaintiff sent a Complaint and Summons to Sky Bank's

1

universal mailing address in Indianapolis, Indiana, via certified mail to the "Highest Officer Found Sky Bank." On February 28, 2007, the return receipt, signed by Ralph Williams, was filed with the court. Ralph Williams is not an employee of Sky Bank, but rather an employee of a courier service that Sky Bank hired to obtain documents from the post office box to which Plaintiff sent the Complaint and Summons. The Complaint and Summons were then delivered to Mandy Whitesell, a security employee hired by Sky Bank. It is unclear what happened to the Complaint and Summons after it was delivered to Whitesell.

On February 28, 2007, Plaintiff moved for the Entry of Default, which the court granted the following day. Attorneys for Sky Bank entered their appearances on April 24, 2007, and April 27, 2007, respectively. Sky Bank contends it was not aware of the Entry of Default until April 17, 2007 and that it immediately undertook an internal investigation to determine the whereabouts of the Complaint and Summons.

Sky Bank now moves to set aside the Entry of Default on grounds that it was not properly served pursuant to FED.R.CIV.P. 4. Sky Bank also contends that even if there was proper service, the damages are disproportionate to any harm caused by the delay. Plaintiff argues the Defendant was served at its self-described "universal" mailing address, and service at this location was reasonably calculated to inform Sky Bank of the present lawsuit.

The court finds it unnecessary at this point in the litigation to determine whether service was proper. As set forth below, even if service was proper, Sky Bank has shown

good cause to set aside the default entry.

## II.   Discussion

Federal Rules of Civil Procedure 55(c) provides that for good cause shown the court may set aside an entry of default. To succeed in setting aside a default entry under Rule 55(c), defendant must show "(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). "Damages disproportionate to the wrong afford good *cause* for judicial action even though there is no good *excuse* for the defendant's inattention to the case." *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (emphasis in original).

Here, refusing to set aside the default entry against Sky Bank would be a harsh sanction disproportionate to any harm that might have been caused by the delay in filing an Answer to Plaintiff's Complaint. The delay appears to have occurred because appropriate individuals were not given notice of the Summons and Complaint. Only when an employee of Sky Bank inadvertently discovered this information did the proper individuals become notified. Thus, it does not appear that Sky Bank was trying to avoid service of process or that they had any reason to do so. Moreover, the Plaintiff has shown no evidence of prejudice by the delay in answering the Complaint.

Sky Bank has taken quick action to correct their tardy response and has presented meritorious defenses in the proposed Answer to Plaintiff's Complaint. Sky Bank thus satisfies the elements necessary to set aside a default entry. Sky Bank's Motion for Leave

To File Answer is also **GRANTED**.

### III.     Conclusion

Sky Bank has shown good cause and met its burden of proving the requirements for setting aside the default entry. For the reasons set forth above, Sky Bank's Motion (Docket # 12) To Set Aside Default Entry and Motion For Leave to File Answer are therefore **GRANTED**.  Sky Bank has 20 days from the date of this order to file an Answer to Plaintiff's Complaint.

**SO ORDERED** this 17th day of July 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Allison Suzanne Fetter-Harrott
BAKER & DANIELS
allison.fetter-harrott@bakerd.com

David M. Henn
MCCLURE MCCLURE DAVIS & HENN
dhenn@mmdhlaw.com

John T. Neighbours
BAKER & DANIELS
jtneighb@bakerd.com